```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
                                          )
SENEN SUAREZ                              )
                                          )
        v.                                )    CIVIL NO. 05-10758-RWZ
                                          )
UNITED STATES OF AMERICA                  )
                                          )
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE**

The United States, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant U.S. Attorney William D. Weinreb, respectfully submits this opposition to Senen Suarez's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence pursuant to United States v. Booker, 125 S. Ct. 738 (2005). Suarez claims that he should be resentenced because "this Court might well have given a different sentence" had Booker been decided before his sentencing.

Suarez's motion must be denied because Booker does not apply retroactively. Suarez was sentenced on August 17, 2004; the judgment entered on the docket on August 20, 2004, and the conviction became final ten days later, when the time for filing a notice of appeal expired. The First Circuit, along with every other court to consider the question, has held that Booker does not apply to convictions that have already become final. Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005) (citing cases from the 2nd, 6th, 7th, and 11th circuits).

It is also worth noting that even though Suarez was

sentenced before the Booker decision, he received a sentence below the applicable guidelines range. Suarez pleaded guilty to two counts of distributing crack cocaine. The total amount of crack Suarez sold was approximately 350 grams, which corresponds to a base offense level of 34. The Court, however, held Suarez accountable for only 100 grams of crack, which corresponds to a base offense level of 32. (The Court believed it was compelled to use the smaller amount by the decision in Blakely v. Washington, 124 S.Ct. 2531 (2004).) As a result of that quantity determination, Suarez's sentencing range was determined to be 70-87 months rather than 87-108 months, meaning that Suarez received a sentence 17 months shorter than the low end of the applicable guidelines range.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By: /s/ William Weinreb
    WILLIAM D. WEINREB
    Assistant U.S. Attorney